## Caudill v. Commonwealth.

(Decided June 16, 1936.)

F. J. EVERSOLE and R. B. ROBERTS for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

Bertha Caudill appeals from a conviction of manslaughter, carrying a sentence of twenty-one years in prison. She had been married to Brownlow Caudill

when about fourteen years of age, but they were divorced seven years later, in January, 1934. On the night of October 11, 1934, there was a dance at Fourseam, a mining town near which both parties lived. The evidence of the commonwealth is in substance that the defendant was drunk and going about with a pistol looking for her former husband, accusing him of mistreating her and threatening to kill him. She finally located him at the home of Joe Barnett. He took the pistol away from her and unloaded it. After being there a few minutes, he gave her back the weapon and started away, and she went along with him. They went down the road quarreling, and somewhere about the commissary she was pulling him along and insisting that he go home with her. She had hold of him with one hand and carried her pistol in the other. He remonstrated and insisted he would not go. He jerked loose and started away, and she shot him in the back, firing twice. As he was sinking down, he shot at her four or five times, but missed her. The deceased and most of the witnesses had also been drinking.

The defendant testified to cruel mistreatment while she was living with her husband, and of his insane jealousy, both before and after they separated. He had threatened to kill her in order that no one else might have her. During the afternoon he had made an engagement for her to meet him at Barnett's home and go to the dance. After meeting there and taking a drink or two around, Caudill suggested that they be going, and as they went down the way he accused her of running around with Calvin Duncil. She begged him to go home with her, as she was afraid to go by herself. He took her by the hand, pulled out his pistol, and said, ''I'll just kill you right here,'' and shot at her. She returned the fire in self-defense. There is some evidence tending to corroborate her account of the tragedy, and to show that the place was so dark the witnesses for the commonwealth could not have seen what occurred.

The evidence was ample to sustain the verdict if the jury believed the evidence of the commonwealth's witnesses, which, of course, was their right.

A witness testified to having been given the de-

ceased's clothing by a nurse at the hospital where he died the next night, and to having kept it in possession in the same condition. It was presented to the jury. During the course of the trial the defendant moved to exclude that evidence, and her motion was overruled. There was no proof that this was the clothing worn by the man when he was shot, or that it was in the same condition; but its introduction had no materiality. Although it was error to admit it in the absence of proper identification, the admission was clearly harmless. Bruner v. Commonwealth, 225 Ky. 713, 9 S. W. (2d) 1080.

During cross-examination, the commonwealth's attorney asked the accused a number of clearly incompetent questions which had a tendency to discredit her and to indicate that she had been living a lewd life. It is the duty of the attorney for the commonwealth to see that the defendant has a fair trial. An excess of zeal to convict ought not to lead a prosecuting attorney into such unfairness as was manifested by these questions. However, the court sustained objections to them. We have once in a while found it necessary in the interest of justice to hold gross improprieties of this character to be prejudicial to the defendant's rights, but we cannot regard these as being of that class. Other evidence showed the defendant to be of bad moral character.

The defendant's motion that the jury be taken to view the scene of the crime was overruled. There was little that could have been obtained by such a view that was not clearly disclosed in the testimony. We do not regard this as an abuse of the discretion vested in the trial judge. Hence it is not to be regarded as an error. Hall v. Commonwealth, 189 Ky. 72, 224 S. W. 492; Cox v. Commonwealth, 251 Ky. 128, 64 S. W. (2d) 481.

The judgment is affirmed.